PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL NICOL, | ) | CASE NO. 4:25-CV-00513 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF** |
| SECURITY, | ) | **OPINION AND ORDER** |
| | ) | [Resolving ECF Nos. 1, 13, 14] |
| Defendant. | ) | |

**I. INTRODUCTION**

Plaintiff Paul Nicol applied for Supplemental Security Income ("SSI") and Child's

Insurance Benefits[1] ("CIB") under Titles II and XVI of the Social Security Act of 1935. The

Social Security Administration ("SSA") denied his claim initially and on reconsideration. He

asks the Court to remand that determination. On referral, the magistrate judge issued a Report

and Recommendation ("R&R") affirming the denial. Plaintiff disagrees. For the reasons herein,

Plaintiff's Objection (ECF No. 14) is overruled, the R&R (ECF No. 13) is adopted, and the

denial of SSI and CIB (ECF No. 7) is affirmed.

---

[1] Federal regulations provide for the payment of disabled child's insurance benefits if the claimant is at least eighteen years old has a disability that began before they turned twenty-two. *See* 20 C.F.R. § 404.350(a)(5).

(4:25-CV-00513)

## II. FRAMEWORK

### A. *SSI*

Americans are entitled to SSI payments if they are disabled and meet certain resource restrictions. *See* 42 U.S.C. §§ 416(i), 423, 1381; 20 C.F.R. §§ 416.905, 416.1100, 416.1201; *Kirk v. Sec'y of Health Hum. Servs.*, 667 F.2d 524 (6th Cir. 1981). Social Security disability claims are initially reviewed by a state-level administrative agency. *See* 42 U.S.C. §§ 421(a), 1383b(a). If a claim is denied, an applicant "may pursue a three-stage administrative review process" for relief. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987). First, the claim may be reconsidered *de novo* by the same agency. *See* 20 C.F.R. §§ 404.909(a), 416.1409(a). Next, a twice-denied claim may be appealed to an SSA Administrative Law Judge ("ALJ.") *See* 42 U.S.C. §§ 405(b)(1), 1383(c)(1); 20 CFR §§ 404.929, 416.1429, 422.201. And third, a thrice-denied claim may be appealed to the SSA Appeals Council. *See* 20 CFR §§ 404.967, 416.1467. If the Appeals Council affirms the denial, the applicant may file a claim in federal court. *See* 42 U.S.C. § 405(g).

### B. *Disability*

At the second level of appeal, an ALJ answers five questions to determine whether an applicant is disabled. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006) (en banc). First, whether the applicant recently engaged in "substantial gainful activity." *See* 20 C.F.R. § 416.920(b). If yes, the claim is denied. *See id.* Second, whether the applicant suffers from a "severe impairment" or combination of impairments.[2] *See* 20 C.F.R. § 416.920(c). If the

---

[2] A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990) (quoting 20 C.F.R. §§ 404.1520(c), 416.920(c)).

2

(4:25-CV-00513)

applicant does not, the claim is denied.  *See  id.*  Third, whether the applicant 's condition meets (or equals) an impairment enumerated in SSA regulations.  *See* 20 C.F.R. § 416.920(d).  If it does, the applicant is presumptively disabled; if not, the evaluation continues.  *See  id.*  Fourth, if impaired, whether the impairment prevents the applicant from performing past work.  *See* 20 C.F.R. § 416.920(e).  And fifth, whether—based on the applicant's age, education, and work experience—the applicant could, despite the impairment, perform "other work that exists in significant numbers in the national economy."  *See Mackney v. Comm'r. of Soc. Sec.*, No. 1:12-CV-710, 2013 WL 123597, at *1 (N.D. Ohio Jan. 9, 2013).

These five steps are sequential, but non-preclusive; an applicant is disabled if he meets a listed impairment (in step three) *or* cannot perform past work (in step four) *and* cannot perform different work in step five.  *See id.*  In steps one through four, the burden of proof is on the applicant.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).  At step five, it shifts to the SSA.  *See id.*  A "denial of [an applicant]'s disability claim at Step Four is proper if there is substantial evidence in the record to support the conclusion that [they] could perform [their] past relevant work and [have] therefore failed to make a *prima facie* case of being under a disability."  *Id.*  Put plainly: an applicant is disabled only if (1) a severe impairment prevents past work and (2) no other work he can perform exists.  *See Bowen, 482 U.S. at 141*

### C.  RFC

Before moving from step three to step four in the disability determination, an ALJ must render a Residual Functional Capacity ("RFC") for the applicant.  *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013); 20 C.F.R. §§ 416.920(e), 416.945(a)(1).  An RFC is an assessment of the maximum work-related tasks an applicant could complete despite their impairment "based on . . . the [relevant] medical and non-medical evidence."  *Rudd*, 531 F.

3

(4:25-CV-00513)

App'x at 728; s*ee* 20 C.F.R. § 404.1546(c). It is not a medical opinion, but a discretionary administrative determination.[3] *See* 20 C.F.R. § 404.1527(d)(2). Once established, an RFC dictates whether the applicant can return to previous work (in step four) or perform other work (in step five), thereby making it dispositive of the overall disability decision. *See Walters,* 127 F.3d at 529.

During the RFC analysis, the ALJ must evaluate all proffered medical opinions and explain how those opinions affected the ALJ's disability decision. While the ALJ need not incorporate every medical opinion verbatim, the ALJ cannot "improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r. of Soc. Sec.*, 342 Fed. App'x 149, 157 (6th Cir. 2009); *see Ford v. Comm'r of Soc. Sec.,* 114 Fed. App'x 194, 197 (6th Cir. 2004). When an RFC conflicts with a persuasive medical opinion in the record, the ALJ must explain why the opinion was considered yet discounted. *See* Social Security Ruling 96-8p: Titles II and XVI—Assessing Residual Functional Capacity in Initial Claims, 61 Fed. Reg. 34,474 (July 2, 1996) ("SSR 96–8p.") The rejection of a medical opinion is permissible when supported by substantial evidence to justify the deviation. *See Poe*, 342 Fed. Appx. at 157.

---

[3] *Supra* Part II.A. "A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner." *Golden v. Berryhill*, No. 1:18CV00636, 2018 WL 7079506, at *17 (N.D. Ohio Dec. 12, 2018), report and recommendation adopted sub nom, 2019 WL 415250 (N.D. Ohio Feb. 1, 2019).

4

(4:25-CV-00513)

### III.  BACKGROUND [4]

#### A.  *History*

Plaintiff is an unemployed forty-eight-year-old Ohioan who grew up with borderline intellectual functioning and various learning disabilities.  *See* ECF No. 13 at PageID #: 1008. Today, he receives treatment for bipolar disorder, anxiety, impulse-control, and tobacco use disorder.  *ee* ECF No. 13 at PageID #: 1008.  He is generally stable when treated and medicated. *See* ECF No. 13 at PageID #: 1008.  Before applying for disability benefits, he lived alone but relied on family, food stamps, and Medicaid for financial security.  *See* ECF No. 13 at PageID #: 1014.  He worked as an eyeglass polisher for over a decade but was fired six years ago due to poor attendance and fractious interpersonal skills.  *See* ECF No. 13 at PageID #: 1014.  He goes outside once per hour to smoke a cigarette but otherwise stays in his apartment watching television and playing on his phone.  *See* ECF No. 13 at PageID ##: 1014–15.  He has never been issued a driver's license.  *See* ECF No. 13 at PageID #: 1014.

Plaintiff claims he cannot work because "he could only stand for five to ten minutes because of his spinal stenosis and was not able to be around other people very long because of his mental health issues."  *See* ECF No. 13 at PageID #: 1014.  Physically, he has morbid obesity, lumbar spinal stenosis, diabetic neuropathy, asthma, and poor blood sugar.  *See* ECF No. 13 at PageID ##: 1006–7.  His primary-care records show intermittent hypoglycemia, chronic back pain, left-shoulder pain, and emergency room visits for, *inter alia*, smoke inhalation, hypertension, headaches, and kidney stones.  *See* ECF No. 13 at PageID ##: 1009–13.  His

---

[4] The Court adopts the magistrate judge's factual and procedural summaries and incorporates them herein.  *See* ECF No. 13.  What follows is a summary of the details most pertinent to the Objection under review.

(4:25-CV-00513)

physical examinations are otherwise unremarkable and indicate normal gait, ambulation, and memory.  *See* ECF No. 13 at PageID #: 1010.  At the time he applied for SSI and CIB, he reported limited standing tolerance, difficulty managing his diabetes, occasional reliance on a walker for home mobility, and challenges to daily functioning, motivation, and socialization.  *See* ECF No. 13 at PageID ##: 1009–13.

On December 8, 2022, Plaintiff filed the instant claims for CIB and SSI alleging an onset date of September 1, 2018.  *See* ECF No. 13 at PageID #: 1006.  He asserts disability due to bipolar disorder, anxiety, tobacco use disorder, learning disability, spinal stenosis, asthma, and diabetes.  *See* ECF No. 13 at PageID #: 1006.  The applications were denied initially and on reconsideration, prompting Plaintiff to request a hearing before an ALJ.  *See* ECF No. 13 at PageID ##: 1006–07.  At that hearing, Plaintiff amended his claimed disability onset date to August 28, 2021.  *See* ECF No. 13 at PageID #: 1007.  On May 1, 2024, the ALJ deemed Plaintiff not disabled.  *See* ECF No. 13 at PageID #: 1007.  The SSA Appeals Council declined review.  *See* ECF No. 13 at PageID #: 1007.

### B.  *Proceedings*

After exhausting all administrative options, Plaintiff filed a lawsuit in federal court on March 14, 2025 seeking review of the claim denial under 42 U.S.C. § 405(g).  *See* ECF No. 1.   The case was referred to a magistrate judge to prepare an R&R under Local Rule 72.2.  *See* Automatic Reference [non-document] 3/17/2025.  The Parties timely briefed the issues.  *See* ECF Nos. 9, 11, 12.  Plaintiff alleged two assignments of error: first, that the ALJ inadequately evaluated Plaintiff's diabetes and left shoulder disorder in formulating the physical RFC; and second, that the ALJ inappropriately evaluated Plaintiff's obesity.  *See* ECF No. 9 at PageID ##: 970–83.

6

(4:25-CV-00513)

On February 5, 2026, the magistrate judge issued an R&R recommending the Court affirm the denial because substantial evidence supported the ALJ's conclusion that Plaintiff was not disabled. S*ee* ECF No. 13.  The magistrate judge found that, although Plaintiff had a history of mental and physical impairments, his federal lawsuit only challenged the ALJ's physical RFC determination.  *See* ECF No. 13 at PageID ##: 1007–08.  The magistrate judge concluded that the ALJ had reasonably relied on medical records, state agency opinions, medical testimony, and non-medical testimony in determining Plaintiff could perform light work similar to his past glass-polisher position.  *See* ECF No. 13 at PageID #: 1016.  Plaintiff timely objected, and the SSA responded in turn.  *See* ECF Nos. 14, 15.

### III.  LAW

### A.  *Referral*

A district court may refer a Social Security dispute to an assigned magistrate judge for their review, factual findings, and legal propositions—delivered *via* R&R—under 28 U.S.C. 636(b)(1)(B) and Local Rule 72.2.  The court may accept the R&R, reject it, modify it, or return it to the magistrate judge for reconsideration with clarification.  *See* 28 U.S.C. § 636(b)(1)(C). On receipt of the R&R, the parties have two weeks to register any objections.[5]  *See* Fed. R. Civ. P. 73(b)(2).  The court reviews *de novo* only that to which Plaintiff has specifically objected.[6] *See* 28 U.S.C. § 636(b)(1)(C).  Objections must be clear, concrete, and direct the district court's

---

[5] Failure to timely object "constitute[s] a waiver of subsequent review, absent a showing of good cause[.]"  Local Rule 72.3(b); *see* Fed. R. Civ. P. 72(b).

[6] *See, e.g.*, *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)) ("An objection that does nothing more than state a disagreement with a [magistrate judge]'s suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context") (cleaned up).

7

(4:25-CV-00513)

attention to a particularized contention with the R&R. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Vague objections that attempt to "support [a] general objection with an exact recitation of arguments that were previously raised before" are deficient and therefor insufficient to trigger *de novo* review. *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020). Without a specific objection, the district court may adopt an R&R without in-depth review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991).

**B.   *Review***

On review, a district court resolves two questions when assessing an SSA ALJ's disability determination.  First, whether the ALJ's decision was "supported by substantial evidence[.]" *Winn v. Comm'r of Soc. Sec.*, 615 Fed. App'x 315, 320 (6th Cir. 2015) (quoting *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)).  And second, whether the decision was "made pursuant to proper legal standards." *Id.*  This assessment is deferential, but still must "whatever in the record fairly detracts from [the] weight" of the ALJ's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  "The [SSA]'s conclusions must be affirmed absent a determination that [they] failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009) (citing 42 U.S.C. § 405(g)).

The substantial evidence standard is "not high" but requires the district court to review the administrative record and decide whether it truly supports the ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Supported findings have "more than a mere scintilla" of "such relevant evidence as a

8

(4:25-CV-00513)

reasonable mind might accept as adequate to support [the] conclusion." *Id.*  An ALJ may not

disregard evidence that cuts against the ALJ's disability determination, especially when such

evidence could alter the outcome.  *See Golden*, 2018 WL 7079506, at *1..  The standard

"presupposes that there is a zone of choice within which the [ALJ] may proceed without

interference from the courts.  If the administrative decision is supported by substantial evidence,

a reviewing court must affirm."  *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994) (cleaned

up).

Even when a decision is substantially supported by evidence, a district court cannot

affirm "if the ALJ fail[ed] to follow agency rules and regulations." *White,* 572 F.3d at 281.

Incorrect application of the law is sufficient for remand and reconsideration.  *See Bowen v.

Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).  But a court does not review an ALJ's

decision *de novo*, if there is (1) substantial evidence in support of the decision and (2) the ALJ

correctly applied the law.  Rather, the court defers to the agency's discretionary determination.[7]

*See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *TNS, Inc.*, 296 F.3d at 395.

### IV.  DISCUSSION

#### A.  *Non-Specificity*

Plaintiff posits a single objection to the R&R: that the magistrate judge erred in

construing Plaintiff's merits brief as challenging only the ALJ's physical RFC finding.  *See* ECF

No. 14.  Specifically, he contends that the ALJ failed to consider how Plaintiff's intellectual

dysfunction allegedly affects his ability to manage diabetic and hypoglycemic episodes.  This

---

[7] *Cf. Bowen,* 478 F.3d at 746 ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

(4:25-CV-00513)

"objection," however, identifies no legal or factual error in the R&R itself.  Instead, it attacks the SSA determination and reiterates Plaintiff's stale argument that the ALJ should have explicitly linked his cognitive limitations to work-preclusive diabetes mismanagement.  *See* ECF Nos. 9, 14.  Plaintiff does not engage with the magistrate judge's reasoning, identify any overlooked evidence, or show that the magistrate judge was wrong in concluding that the ALJ's findings lacked substantial evidentiary support.  *Compare* Merits Brief, ECF No. 9 at PageID #: 970:

> Moreover, the ALJ neglects to indicate how Plaintiff's severe impairment of borderline intellectual functioning impacts Plaintiff's ability to respond to blood sugar fluctuations. T 20. The record documents that on March 4, 2021, Dr. Slemons stated that Plaintiff "certainly does have some developmental delay mentally also which I think is hindering his ability to work." T 581. On May 16, 2023, Dr. Slemons prescribed Plaintiff a Dexcom sensor device to help him monitor his blood sugars (T 846), but a two months later, on July 24, 2023, Plaintiff complained of having a "hard time managing his blood sugar" even with the use of Dexcom. T 898, 901. The ALJ does not consider how Plaintiff's borderline intellectual functioning would make it more difficult for Plaintiff to control his blood sugar and treat hypoglycemic events. "Proper dosing of insulin requires complex decisionmaking 24 hours a day." SSR 14-2p. "During sleep, a person is unaware of hypoglycemia, but on awaking may be confused, disoriented, or may complain of headache or extreme fatigue." SSR 14-2p.
>
> In the matter at bar, there is no showing that Plaintiff has the necessary capacity to handle blood sugar fluctuations on a 24-hour basis without resulting work limitations. Although the ALJ cites that Plaintiff "has maintained jobs for multiple years in the past" (T 26), Plaintiff was working at a time when he did not have diabetes as a severe impairment. Here, the current record supports that despite treatment, Plaintiff would have difficulty staying on task during a workday and would have ongoing absences from work due to his hypoglycemia and resulting confusion, forgetfulness, and headaches. "We will consider all of the medically determinable impairments of which we are aware ... when we assess your residual functional capacity." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

*with* R&R Objection, CF No. 14 at PageID ##: 1036–37:

10

(4:25-CV-00513)

> In her decision, the Magistrate found that Plaintiff's brief only challenged the ALJ's physical RFC determination. R&R at 2. However, in the context of Plaintiff's ability to control his hypoglycemia, Plaintiff specifically challenged the sufficiency of the ALJ's decision based on the ALJ's neglect in addressing how Plaintiff's severe impairment of borderline intellectual functioning impacts Plaintiff's ability to respond to blood sugar fluctuations . . . As the Magistrate acknowledges in her R&R, p. 19, "[T]he ALJ does not explicitly discuss any potential link between Mr. Nicol's borderline intellectual functioning and his ability to manage his diabetes." This is error. As the Eastern District of Missouri noted on this issue, "The ALJ also failed to consider the effect of Harper's borderline intellectual functioning on her ability to manage her diabetes … Upon remand … [t] he ALJ should consider the effects of Harper's uncontrolled diabetes and resulting symptoms on her ability to work, as well as the effect Harper's borderline intellectual functioning has on her ability to manage her diabetes." H*arper v. Colvin*, No. 1:14 CV 31 ACL, 2015 WL 5567978, at *7-8 (E.D. Mo. Sept. 22, 2015).

A restatement of arguments previously presented is insufficient to trigger *de novo* review.

### B.  *Meritlessness*

Alternative to the Objection's insufficient specificity, *de novo* review reveals the ALJ's decision was supported by substantial evidence and proper application of the law.  The ALJ explicitly addressed Plaintiff's diabetes, his reported hypoglycemic episodes, his treatment with a Dexcom device, and his mental impairments.  *See* ECF No. 7 at PageID ##: 47–61.  The ALJ was not required to explore when the record did not show any intellectual dysfunction *à la* diabetic mismanagement that might warrant additional work-related restrictions.  *See Walters, 127 F.3d at 529* .  The ALJ found no evidence demonstrating functional limitations beyond those included in the RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has certain limitations because of medically determinable impairments. However, these limitations alone or in combination do not preclude all levels of basic work-related activities. The above listed residual functional capacity assessment accommodates the claimant's subjective complaints to the extent

11

(4:25-CV-00513)

> that they are supported by medical evidence. There is nothing in the record that justifies any further reduction in the residual functional capacity contained herein.

ECF No. 7 at PageID ##: 59–61.  Plaintiff bore the burden of proving his disability. See *Norris v. Comm'r of Soc. Sec.*, 139 F.4th 541, 545 (6th Cir. 2025).  Yet he provided no credible evidence of any work limitations arising from diabetic or hypoglycemic episodes and only minimal evidence that his intellectual functioning interfered with his blood sugar control.  His reliance on *Harper v. Colvin*, No. 1:14 CV 31 ACL, 2015 WL 5567978, at *7-8 (E.D. Mo. Sept. 22, 2015) is misplaced because that case is both non-binding and factually inapposite.[8]  Plaintiff provides no no legitimate reason presented why the Court should not adopt the R&R.

## V.  CONCLUSION

Plaintiff's arguments are s non-specific and non-meritorious.  For the reasons herein, his Objection (ECF No. 14) is overruled, the R&R (ECF No. 13) is adopted, and the denial of SSI and CIB (ECF No. 7) is affirmed.  A separate entry of judgment shall issue.

IT IS SO ORDERED.

March 20, 2026                                          */s/ Benita Y. Pearson*
Date                                                        Benita Y. Pearson
                                                              United States District Judge

---

[8] In *Harper*, the ALJ failed to address the plaintiff's borderline intellectual functioning, whereas the ALJ herein found it severe and incorporated it into the RFC analysis.  No comparable overlooked evidence exists in this case.

12